BENJAMIN F. MUDGETT, *in Eq.*, *versus* ISAAC B. GAGER.

A bill in equity, seeking an adjustment of the accounts between the part owners of a vessel, some of whom reside without the jurisdiction of the Court, cannot be sustained, unless such non-residents are summoned to answer, or it appears from the allegations in the bill that not only *their* interests will not be prejudiced by the decree, but also that they were not necessary to the just ascertainment of the merits of the case.

It is not enough that the bill allege that "the complainant does not claim there is anything due to him from said non-residents; or that he does not seek thereby to recover anything from them."

BILL IN EQUITY.

The case was heard on demurrer.

The bill, omitting the formal parts, was as follows : —

"That from on, or about, the first day of January, 1860, until the first day of September, 1863, or thereabouts, Frederick Swift and George H. Blanchard, both of the city of New York aforesaid, co-partners, under the style of F. Swift & Co., Isaac B. Gager, of said city, Osborn Howes and Nathan Crowell, both of Boston, in the Commonwealth of Massachusetts, co-partners, under the style of Howes & Crowell, were part owners of the brig or vessel called the " Caroline E. Kelley," and that, during all, or a portion of

that time, your orator was also a part owner in said vessel; and that, during this time, no other person was interested as an owner in said vessel; that the parties abovenamed, except the said Gager, have no longer any interest in said vessel; that, during the time aforesaid, said vessel was employed in navigating the high seas, and has made several voyages thereon, and therein contracted debts, which the owners thereof became, and were and are liable to pay; that this complainant has paid more than his proportional part of said indebtedness, and has not received more than his proportional part of her earnings; within the time named, there has been no settlement between the owners aforesaid of the accounts of said vessel, or of their respective receipts and disbursements in respect thereto; that, upon a settlement of said accounts, there would be found due the complainant, from said Gager and Blanchard and Swift, respectively, a large sum of money. The complainant does not claim that there is anything due to him from said Howes and Crowell; nor does he seek hereby to recover anything from them. He alleges that he has often requested the other defendants to come to an adjustment and settlement of the accounts of said vessel — offering, as he hereby offers, to pay any sum that might be found due from him on such accounting and settlement. And your orator well hoped the said defendants would come to a settlement, but they refuse. Wherefore," &c.

The respondent, Gager, demurred on the ground that the part owners, alleged to be inhabitants of some other than this State, have not been summoned to appear to answer to said bill.

*Shepley & Dana*, for the complainant.

*Drummond*, for the respondent.

The opinion of the Court was drawn by

BARROWS, J. — This bill seeks an adjustment of the accounts between the part owners of the brig Caroline E.

Mudget *v.* Gager.

Kelley. Isaac B. Gager, one of the defendants, whose property is attached, demurs to the bill for want of proper parties, because Howes & Crowell of Boston, Mass., also part owners, have not been summoned as parties, and do not appear. The bill contains no allegation that Howes & Crowell have received their share of the earnings of the vessel. It may be that *they are creditors* to such an amount as might seriously affect the decree to be made in this case. It is not easy to see how, in the present condition of the bill, any decree could be made which would be certain to do justice among the remaining part owners, or constitute a final adjustment of their affairs.

How can it be ascertained what just claim any one of the part owners may have against any one or more of the others without making parties of all those members of the concern who may be supposed to have claims against it?

Howes & Crowell being out of the jurisdiction, if it appeared not only that their interests would not be prejudiced by the decree, but also that they were not necessary to the just ascertainment of the merits of the case before the Court, they might be dispensed with.

In *Towle* v. *Pierce*, 12 Met., 329, cited for the plaintiff, WILDE, J., in overruling the demurrer, remarks, "the bill avers that all the absent partners have received their full share of the partnership effects; and, if so, they cannot be prejudiced by any decree which may be obtained in the present case."

The doctrine of our own Court, in *Fuller* v. *Benjamin*, 23 Maine, 255, is applicable to the present case, and the consequence is that the demurrer must be allowed, and the bill dismissed unless the plaintiff obtains leave to amend at *Nisi Prius*, or the defect of parties is cured by the appearance of the other part owners.

APPLETON, C. J., DAVIS, WALTON and DICKERSON, JJ., concurred.