[No. 4435.]

## LYNCH v. FOLEY, ADMINISTRATRIX.

**1. Pleading—Practice—Fraud.**

It is error to render judgment against a party on an issue of fraud where no such issue is made by the pleading.

**2 Partnership—Accounting.**

In an accounting between partners, where neither is guilty of acts, omissions or concealments involving a breach of legal or equitable duty towards the other, they are only liable to account to each other severally and not jointly. Each can be held to account to every other for himself only and not for his copartners.

**3. Partnership—Accounting—Parties.**

It is error to render judgment against one partner at the suit of the personal representative of another partner for an accounting without making all the members of the partnership parties to the action, unless the complaint alleges facts which would justify the court to proceed to an accounting between plaintiff and defendant in the absence of other members of the partnership.

*Appeal from the District Court of Arapahoe County.*

*On Petition for Rehearing.*

Mr. D. V. BURNS, for appellant.

Mr. C. J. BLAKENEY, Mr. R. D. THOMPSON and Mr. JOHN M. WALDRON, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

Appellee instituted an action in her capacity as administratrix of the estate of Tim Foley, deceased, as plaintiff, against appellant and others, as defendants, for an accounting, and to recover from the defendants an alleged interest in the Aztec mine, situate in New Mexico, to which the plaintiff, in her representative capacity, claimed to be entitled under an agreement entered into between the deceased and defend-

ants.  Appellant was the only party served with pro-
cess.  The others, T. B. Catron and V. S. Shelby, did
not appear.  The theory of the action, as claimed by
counsel for plaintiff, was, that under a contract
entered into between deceased and the defendants, a
mining partnership was created between the parties
to such contract, which contemplated the acquisition
of the Aztec mine; that upon compliance with con-
ditions expressed in the contract, the deceased was
to become the owner of an interest therein, and a like
interest in the proceeds arising from the sale of the
property or its operation; that the deceased had com-
plied with these conditions, and that plaintiff, as his
administratrix, had succeeded to all his rights in the
property under and by virtue of such contract.  The
complaint upon which the case was tried did not
allege any sale of the mining premises, but charged
that the defendants, in working and operating it, had
extracted a large amount of ore at a profit.  The
defendant, Lynch, answered, and, among other de-
fenses interposed, was one to the effect that the de-
ceased had not complied with the terms and condi-
tions of the agreement mentioned in the complaint.
He also alleged that before the commencement of this
action, V. S. Shelby had died.  On the trial of the
case it developed that the defendants had sold the
property, and upon taking an account of the amount
received therefor, after deducting the expenses
incurred in operating the mine, over and above the
amount received for ores extracted, and other items
which it is not necessary to mention, judgment was
rendered against the defendant Lynch for the full
amount which the account exhibited the plaintiff was
entitled to from all of the defendants.  From that
judgment the defendant Lynch appeals.

In the original opinion handed down, that judg-

ment was reversed, because we concluded it did not appear that the plaintiff was entitled to any judgment at this time for two reasons: (1) The testimony did not establish an account from which it appeared that any sum was due plaintiff; and (2) it did not appear that either of the defendants was guilty of any fraud or acts of bad faith. On petition for rehearing, counsel for plaintiff insist that we have mistaken the testimony bearing on these questions. The cause has been re-argued, and we are now convinced that the judgment must be reversed, without regard to what the testimony may establish on the subject of the account, or alleged bad faith of the defendants, because it cannot be sustained under the pleadings in any event, for two reasons: (1) There was no issue of fraud or bad faith; and (2) on account of the trial being had in the absence of indispensable parties, there being no attempt in the complaint to plead facts which would justify the court to proceed to an accounting as between the plaintiff and the defendant Lynch, in the absence of other parties interested in the transactions growing out of the contract upon which plaintiff bases her rights to maintain this action.

In an accounting between partners, where neither is guilty of acts, omissions or concealments, involving a breach of legal or equitable duty towards the other, they are only liable to account to each other severally, and not jointly. In such circumstances, each can only be held to account to every other for himself, and not for his copartners.— *Bloomfield v. Buchanan,* 14 Oregon 181.

On behalf of appellee it is insisted that the testimony establishes fraud and bad faith on the part of appellant, and his associates. The complaint nowhere charges fraud, nor is that question raised by any

other pleading in the case, and that issue, therefore, cannot be taken into consideration. In the absence of an averment in the pleadings to the effect that the defendant Lynch had been guilty of fraud or a breach of faith, he could not be held liable to account to plaintiff for the entire amount to which she might be entitled.

The other parties to the contract, and whose interests should be settled and adjusted in this proceeding, were not before the court. In an action for an accounting, all the partners or their representatives must be before the court, unless it appears that the presence of those absent is not necessary to the just ascertainment of the cause upon its merits as between those who are before the court, or facts are alleged which in law are sufficient to justify the court to proceed to judgment notwithstanding the absence of parties whose presence is ordinarily indispensable.— 15 Enc. Pl. & Pr. 1074; *Towle v. Pierce,* 12 Met. (Mass.) 329; *Mudgett v. Gager,* 52 Me. 541; Story's Eq. Pl., §§ 77, 78, 81.

Appellant objected to the trial of the cause in the absence of other parties who, from the pleadings, should have. been before the court, in order to fully settle and adjust the rights of all in one judgment. This objection should have been sustained, because neither the complaint nor other pleadings contained averments from which it could be inferred that the case could proceed to judgment, as against appellant in the absence of the other parties who were interested in the object of the action.

It is also suggested by counsel for appellant, that there is a fatal variance between the averments of the bill, and the facts as found by the trial court upon which the judgment was predicated. We shall not attempt to pass upon this question, because it is clear

that on account of the insufficiency of the pleadings and the absence of indispensable parties, without any statement in the pleadings which would justify the court to proceed with the trial in their absence, that the judgment of the district court must be reversed as directed in the original opinion, independent of the question of alleged variance or the merits of the case, as disclosed by the testimony.

The original opinion is withdrawn, the petition for a rehearing is denied, and the judgment of the district court reversed.

*Judgment reversed.*

STEELE, J., not sitting.